UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


LEROY RAGIN,                          )          CASE NO.  4:06 CV 2634
                                      )
             Petitioner,              )          JUDGE DAVID A. KATZ
                                      )
      v.                              )
                                      )          MEMORANDUM OF OPINION
                                      )           AND ORDER
WARDEN, T.  R.  SNIEZEK, et al.,      )
                                      )
             Respondents.             )


        Pro se petitioner Leroy Ragin filed the above-captioned petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  Mr. Ragin, who is incarcerated at the Federal Correctional

Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against F.C.I. Elkton Warden T.R.

Sniezek.  He asserts he is in custody in violation of the Constitution because, inter alia, the district

court accepted his guilty plea without a "factual basis for a 'continuing series' under Count 29 of

the indictment."  (Pet. at 12.)

*Background*

        In 1990, Mr. Ragin was indicted and charged with "29 felony violations" in the

United States District Court for the Western District of North Carolina.  He subsequently pleaded

guilty to two counts of the indictment and was sentenced on July 31, 1990 to a term of 336 months in prison, followed by 5 years of supervised release.

Mr. Ragin filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on November 25, 1990.   In his motion, he argued that he entered his guilty plea based on erroneous advice from counsel, who was ineffective.  The district court dismissed Mr. Ragin's § 2255 motion after adopting the magistrate judge's Report and Recommendation on May 21, 1991.  Petitioner appealed the dismissal to the Fourth Circuit Court of Appeals, which affirmed his conviction and sentence.

At some later point, petitioner filed another motion to vacate wherein he contended that because he was subjected to both criminal penalties and the civil forfeiture of his real property, his conviction violated the Double Jeopardy Clause.  The district court dismissed the motion, and the Fourth Circuit affirmed that dismissal on appeal in an unpublished opinion.  See United States v. Ragin, No. 95-7124,1997 WL 14144 (4th Cir. Jan. 16, 1997).

A third motion to vacate, correct or set aside sentence was filed by Mr. Ragin on July 19, 1999 pursuant to 28 U.S.C. § 2255.   In his third motion, petitioner asserted that the "government's failure to charge in petitioner's indictment, or to otherwise give him notice of the three specific 21 U.S.C. violations required for a 21 U.S.C. § 848, which is the continuing criminal enterprise statute . . . rendered him actually, factually and legally innocent based upon error (i.e. abuse of discretion) of the court, in light of the Supreme Court of the United States['] decision in Richardson v. United States, 526 U.S. 813 (1999)." (Pet. at 10.)  The district court dismissed the motion after granting the respondent's motion for summary judgement on April 30, 2001.  The motion for reconsideration petitioner filed on May 17, 2001 was also dismissed by the district court

2

on June 7, 2001.  The Fourth Circuit Court of Appeals then affirmed the district court's decision.[1]

*Analysis*

Mr. Ragin asserts that the district court abused its discretion when it accepted his guilty plea "without a factual basis for a 'continuing series' under Count 29 of the indictment, pursuant to Rule 11(b)(3) and (f) of the Federal Rules of Criminal Procedures."  (Pet. at 12.) Although he devotes a substantial number of pages to claims arising from the allegedly erroneous actions of the sentencing court, his  circuitous argument consistently attacks the integrity of his guilty plea based on the Supreme Court's opinion in <u>Richardson</u>.

It is petitioner's belief  that he is in custody in violation of the Constitution because the sentencing court held that, under § 848,"an indictment need not specify the five or more individuals who were managers or supervised . . . and likewise it need not specify the offense which will be utilized to establish . .  The continuing series of controlled substances violations,' is the cause."  (Pet. at 20-21.)  Moreover, he claims that a "[s]ection 2241(c)(3) application is necessary to secure or maintain uniformity of the Supreme Court's decision in <u>Richardson</u>, to which the petition addressed October of 1990."  <u>Supra</u>.

*28 U.S.C. § 2241*

A federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention."  <u>Accord</u> <u>United States v. Hayman</u>, 342 U.S. 205, 223 (1952); <u>In re Hanserd</u>, 123 F.3d 922, 929 (6th Cir.1997).  Here, Mr. Ragin claims that his remedy under § 2255

---

[1]     Mr. Ragin requested leave to file a second or successive § 2255 on March 4, 2002, which the Court of Appeals denied on April 12, 2002.

is inadequate and ineffective to test the legality of his detention because:

> (1) for a party who claims that he is factually or legally innocent as a result of a previously unavailable interpretation of 21 U.S.C. § 848 would (present) . . . [a] serious constitutional questions [sic]; (2) if petitioner who can prove his actual innocence on the existing record and who had no access to judicial review-might be held without recourse to the judicial system could raise serious constitutional questions and (3) since petitioner cannot bring his claim under the newly-amended § 2255, and since any attempt by Congress to preclude all collateral review in a situation like this would raise serious question as to the constitutional validity of the AEDPA's amendments to § 2255, we find that § 2255 is inadequate and ineffective to test the legality of Petitioner Ragin's detention.

(Pet. at 19.)

As a matter of course, Mr. Ragin would not be permitted to challenge his conviction and sentence under § 2241, "if it appear[ed] that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.'" See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1997). While it is clear Mr. Ragin has previously applied for § 2255 relief, he has failed to demonstrate that his remedy by motion is inadequate or ineffective.

It is the petitioner's burden to establish that his remedy under Section 2255 is inadequate or ineffective. Martin v. Perez,  319 F.3d 799, 803 (6th Cir. 1996); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir.1986).  It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles, 180 F.3d at 756.  Moreover, the  § 2255 remedy is not considered inadequate or ineffective simply

4

because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate.  See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

Mr. Ragin's reasoning does not address any circumstance in which his remedy under § 2255 is inadequate.  As a threshold matter, this court cannot ignore the fact that petitioner has already raised this argument in a § 2241 petition before the District Court for the Western District of North Carolina, which denied his petition on the merits. Ragin v. United States, No. 3:99CV3674MU, 2001 WL 34610446 (W.D.N.C. Apr. 30, 2001).  In that petition before the Western District of North Carolina, Mr. Ragin sought relief under either 28 U.S.C. § 2255 or 28 U.S.C. § 2241 based upon the Supreme Court decision of Richardson.  He again asserted that his guilty plea was not "intelligently made" given that he was unaware that the Government was required to prove beyond a reasonable doubt that he was guilty of the three underlying drug violations constituting the "continuing series" under § 848.  He maintained that the court had jurisdiction over his filing despite his two previous collateral attacks, under the 'savings clause', or under Bousley v. United States, 523 U.S. 614 (1998)(defendant's claim that guilty plea was unintelligent was not Teague-barred).  In its dismissal of the petition, the district court stated:

> [N]either the Supreme Court nor the Fourth Circuit has
> addressed whether Richardson is to be applied retroactively
> on collateral review.  However, retroactivity under Teague v.
> Lane, 489 U.S. 288, 305- 310, 109 S.Ct. 1060, 103 L.Ed.2d
> 334 (1989), is unlikely given that the Fourth Circuit has
> found that Richardson errors are subject to harmless error

5

> analysis. See United States v. Brown, 202 F.3d 691 (4th
> Cir.2000). In addition, the Fourth Circuit recently decided
> that Apprendi vs. New Jersey, which also shifted the
> fact-finding duties from judge to jury for statutory sentencing
> enhancements, is not retroactive on collateral review. See
> United States v. Sanders, ___ F.3d ___ (4th Cir.), 2001 WL
> 369719, *9 (noting in support of its decision that Apprendi
> claims have been subject to harmless and plain error review).

Ragin, 2001 WL 34610446, at 2.

The Fourth Circuit Court of Appeals affirmed the district court's order and granted the government's motion to dismiss Mr. Ragin's petition filed pursuant to 28 U.S.C. § 2241 or alternatively, his motion filed pursuant to 28 U.S.C. § 2255.  See  Ragin v. Warden, Federal Correctional Institution, Estill, South Carolina, No. 01-713022, Fed. Appx. 349 (4th Cir. Jan. 11, 2002).  These decisions clearly addressed Mr. Ragin's argument regarding the Richardson decision. Thus, he has had every available opportunity to address his claim of 'actual innocence' through a variety of forums, but has failed to establish that his remedy under § 2255 is inadequate or ineffective.

Considering these relevant facts, Mr. Ragin is estopped from litigating this issue again.  The doctrine of collateral estoppel, or issue preclusion, bars subsequent litigation of legal and factual issues common to an earlier action that were "actually and necessarily determined" in the first litigation. Montana v. United States, 440 U.S. 147, 153 (1979); Combs v. Richardson, 838 F.2d 112, 114 (4th Cir.1988).  Thus, "[c]ollateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir.1998) (internal quotation marks omitted).  The five critical components of collateral estoppel clearly apply

6

in this case: (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. See id. Thus, Mr. Ragin is barred from re-litigating the same issues in his present § 2241 petition.

Even if Mr. Ragin were not otherwise barred from relitigating his claims under Richardson, he never successfully argues that his remedy under § 2255 is inadequate to test the legality of his detention. Without a retroactive application of the law to his conviction, Mr. Ragin's simple assertion that he is 'actually innocent' fails to levitate his position to a level where his § 2255 remedy would be considered inadequate or ineffective.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ David A. Katz

_____

DAVID A.  KATZ
UNITED STATES DISTRICT JUDGE

7